IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 16-cv-01090-LTB-NYW

KATHY WHITSON,

    Plaintiff,

v.

UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture,

    Defendant.
_____

MEMORANDUM OPINION AND ORDER
_____

Babcock, J.

This case is before me on Defendant United States Forest Service's (the "Forest Service") Motion for Reconsideration [Doc # 40]. After consideration of the motions, all related pleadings, and the case file, I grant the Forest Service's motion.

## I. Background

By Order dated May 23, 2017 [Doc # 39] ("the Order"), I ruled on the parties' cross motions for summary judgment in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, case. Among other things, I entered summary judgment in favor of Plaintiff on the issue of the applicability of Exemption 7(C) & (E) to her FOIA request and held the issue of the applicability of Exemption 6 in abeyance pending further review by the Forest Service of its reliance on this exemption to withhold certain materials from Plaintiff. I further ordered the Forest Service to disclose all

information redacted pursuant to FOIA Exemption 7(E) to Plaintiff and to advise Plaintiff and the Court of the results of its review of its redactions pursuant to FOIA Exemption 6 within thirty (30) days of the date of the Order.

By the motion, the Forest Service asks me to reconsider the applicability of Exemption 7 to Plaintiff's FOIA request and submits supplemental evidence in support of this request.

## II. Standard of Review

The parties disagree about the appropriate standard of review for the Forest Service's motion. Indeed, there is no provision in the Federal Rules of Civil Procedure recognizing a motion for reconsideration. *Van Skiver v United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). Rather, depending on the posture of the case, a motion for reconsideration may be treated as a motion to alter or amend the judgment under Rule 59(e); a motion for relief from judgment under Rule 60(b); or a request for use of the Court's discretion to reopen orders that are short of a final decree. *Price v. Philpot,* 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005).

Because the Order held the issue of the applicability of Exemption 6 in abeyance, it is not a final order. *See* Fed. R. Civ. P. 54(b) ("...order ...that adjudicates fewer than all the claims ... may be revised at any time before the entry of a judgment adjudicating all the claims...."). The Order may therefore be revised "as justice requires." *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.,* 630 F.3d 217, 227 (D.C. Cir. 2011). In determining whether justice requires revision of the Order, I am mindful that the Forest Service submitted extensive briefing on the

parties' cross motions for summary judgment for my consideration. *See Servants of The Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (motion for reconsideration not appropriate for revisiting issues already addressed or advancing arguments that could have been raised in prior briefing).

### III. Analysis

FOIA Exemption 7 allows a government agency to withhold "records or information compiled for law enforcement purposes" where the disclosure of such information would result in one of six enumerated harms. 5 U.S.C. § 552(b)(7). The Forest Service bears the burden of demonstrating that this Exemption applies, 5 U.S.C. § 552(a)(4)(B), and I concluded in the Order that it failed to meet this burden on two fronts. First, I concluded that the Forest Service failed to demonstrate that it operates as a mixed-function agency that encompasses both administrative and law enforcement functions. *See Church of Scientology of California v. U.S. Dep't of the Army,* 611 F.2d 738, 748 (9th Cir. 1979), *overruled on other grounds by Animal Legal Defense Fund v. U.S. Food & Drug Admin.,* 836 F.3d 987 (9th Cir. 2016) (the threshold issue in any Exemption 7 claim is whether the agency involved may properly be classified as an agency that may exercise a law enforcement function). Second, I concluded that the Forest Service failed to demonstrate that the withheld information was compiled for adjudicative or enforcement purposes. *See Stern v. F.B.I.,* 737 F.2d 84, 88 (D.C. Cir. 1984) (threshold test for applicability of Exemption 7 requires government to show that the records at issue were compiled for adjudicative or enforcement purposes). By its motion to reconsider, the Forest

Service argues that both of these prerequisites to the applicability of Exemption 7 are satisfied in this case.

## A. The Forest Service's Status as a "Law Enforcement Agency"

In both her cross motion for summary judgment and her response to the Forest Service's motion for summary judgment, Plaintiff argued that the Forest Service's Human Resources Management ("HRM") office was not a "law enforcement agency." *See* Doc #s 28, p. 28 & 30, p. 30. Plaintiff also asserted that the Forest Service had proffered no evidence to establish that it had express law enforcement authority or that its activities were expressly related to its statutory mandate. *See* Doc # 30, p.30 (*citing Living Rivers, Inc. v. U.S. Bureau of Reclamation,* 272 F. Supp. 2d 1313, 1318-20 (D. Utah 2003)). In response, the Forest Service did not provide any evidence to show that it is a mixed-function agency with law enforcement authority. Instead, the Forest Service argued that "it is well-established that, regardless of the nature or mission of the agency, personnel investigations of government employees meet Exemption 7's threshold requirement where they focus on specific and potentially unlawful activity by particular employees of a civil or criminal nature." *See* Doc # 31, p. 32.

Now, for the first time, the Forest Service provides evidence of its overall law enforcement function. Without question, the Forest Service had ample opportunity to present this evidence in the briefs it filed in connection with the parties' cross summary judgment motions. Nonetheless, in the interests of justice, I cannot ignore clear evidence that the Forest Service is a mixed-function agency that may

4

invoke FOIA Exemption 7 provided that the remaining prerequisites of this exemption are satisfied. Moreover, it is these other prerequisites that are at the crux of the parties dispute regarding the Forest Service's reliance on Exemption 7.

## B. The Purpose of the Subject Misconduct Investigation

Prior to issuance of the Order, the only evidence that the Forest Service cited in support of its assertion that the information it withheld from Plaintiff pursuant to Exemption 7 was complied for "law enforcement purposes" consisted of (1) a conclusory statement in an affidavit that this information "pertain[ed] to an employee misconduct investigation that sought to determine whether one or more subject employees may have violated civil or criminal law or otherwise engaged in wrongdoing," *see* Doc # 27, p. 19 & Doc # 27-2, ¶ 29; and (2) a statement in an email exchange that "I let [redacted] know the investigation ... includes several misconduct allegations, one of which may have criminal implications." *See* Doc # 31, p. 33.

In considering cross motions for summary judgment, I am entitled to assume that no evidence needs to be considered other than that filed by the parties. *James Barlow Family Ltd. P'ship v. David M. Munson, Inc.,* 132 F.3d 1316, 1319 (10th Cir. 1997). In its briefing on the cross summary judgment motions, the Forest Service did not specify any civil or criminal laws that could have been violated by the conduct at issue in the subject misconduct investigation, *compare Stern,* 737 F.2d at 89-90 (citing three federal obstruction of justice statutes that were potentially violated to support conclusion that FBI's internal investigation was for "law

5

enforcement purposes"), nor did it provide much detail about the investigation despite bearing the burden of proof on the applicability of Exemption 7. Under these circumstances, I concluded that the Forest Service failed to meet its burden of showing that its internal misconduct investigation focused "directly on specifically alleged illegal acts, illegal acts of particular identified officials, acts which could, if proved, result in criminal or civil sanctions." *Stern*, 737 F.2d at 89 (*quoting Rural Housing All. v. U. S. Dep't of Agric.,* 498 F.2d 73, 81 (D.C. Cir. 1974)).

In its motion for reconsideration, the Forest Service acknowledges that it presented sparse evidence and conclusory declarations from witnesses in its briefing on the cross motions for summary judgment out of an abundance of caution lest it disclose any of the information it claims is exempt from disclosure. The Forest Service's concern in this regard is legitimate and provides a plausible explanation as to why it did not provide additional evidence at that time. To demonstrate that the information withheld from Plaintiff pursuant to Exemption 7 was compiled for "law enforcement purposes," the Forest Service has now submitted additional evidence showing that

> 1. The misconduct investigation involved fourteen specific allegations against specific individuals;
>
> 2. Seven of the fourteen allegations involved conduct that was "possibly illegal," including the unauthorized disposal of wild horses with a firearm, potential misuse of government property and information, and potentially illegal financial activities;
>
> 3. Specific laws that may have been violated include 18 U.S.C. § 930 and the Wild Free-Roaming Horses and Burros Act, 16 U.S.C. § 131, *et seq.;*

6

> 4. The Forest Service's HRM office could have referred the subject misconduct investigation to the U.S. Department of Agriculture's Office of the Inspector General ("OIG") or to the Forest Service's Law Enforcement and Investigations ("LEI") organization; and
>
> 5. The HRM office advised LEI that the subject misconduct investigation had potential criminal implications and provided a copy of its final Report of Investigation to OIG

*See* Doc # 40-1.

In response, Plaintiff does not dispute the accuracy of the Forest Service's supplemental evidence regarding the misconduct investigation but rather emphasizes that the investigation was executed by the Forest Service's HRM office as opposed to any government division or agency expressly vested with law enforcement authority. The Forest Service has clearly established, however, that LEI and OIG were advised about the misconduct investigation and could have brought criminal charges related to it. The fact that no further action was taken by LEI or OIG is not dispositive of whether the withheld information was compiled for law enforcement purposes. *Stern*, 737 F.2d at 88 (in meeting its burden under Exemption 7, "the government ... need not show that the investigation led to, or will lead to, adjudicative or enforcement proceedings").

Plaintiff also argues that the Forest Service could have presented this evidence in its summary judgment briefs and should not be given another opportunity to meet its burden of proving that Exemption 7 is applicable in this case. There is some merit to this argument. However, in light of the posture of this case, as well as the Forest Service's legitimate concern with disclosing the very

7

information it seeks to withhold in advancing its arguments regarding the applicability of Exemption 7, I conclude that the interests of justice are best served by my consideration of the evidence now presented by the Forest Service. I further conclude that with this evidence the Forest Service has now met its burden of demonstrating that the information it seeks to withhold from Plaintiff pursuant to Exemption 7 was compiled for "law enforcement purposes."

### C. Exemption 7(C)

Under Exemption 7(C), information compiled for law enforcement purposes is exempt from disclosure if the production of such information could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7). This language is similar to that of Exemption 6 which authorizes non-disclosure when disclosure "*would* constitute a *clearly* unwarranted invasion of personal privacy," but Exemption 7(C) "does not require a balance tilted emphatically in favor of disclosure." *Stern*, 737 F.3d at 91 (*quoting Bast v. U.S. Dep't of Justice,* 665 F.2d 1251, 1254 (D.C. Cir. 1981)). An analysis of whether the disclsosure of information would constitute an "unwarranted invasion of personal privacy" entails a balancing of the individual's interest in privacy against the interests of the public in being informed. *Id.*

In the Order, I addressed the balancing test for an "unwarranted invasion of personal privacy" under Exemption 6's higher standard for nondisclosure. This same analysis is largely applicable here. Accordingly, further review by the Forest Service of its redactions pursuant to Exemption 7(C), as well as Exemption 6, is

warranted to ensure that information was not withheld pursuant to these exemptions based on an overly narrow view of the public interest implicated by Plaintiff's request or based on a subjective determination that the information was related to unsubstantiated allegations. *See* Order, pp. 23-7. There is no basis to sanction the Forest Service for failing to complete this review with regard to Exemption 6 while its motion for reconsideration of the applicability of Exemption 7 was pending, and I have granted the Forest Service's related motion for extension of time by separate order.

I further conclude that there is no basis to depart from my prior ruling that further review of the information withheld pursuant to Exemptions 6 and 7(C) by the Forest Service will be more effective than in camera review by the Court since the Court is not in a position to judge whether the release of certain information would enable Plaintiff or other members of the public to identify involved parties based on the particular dynamics of the affected Forest Service offices.

### D. Exemption 7(E)

Under Exemption 7(E), information compiled for law enforcement purposes is exempt from disclosure if the production of such information would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. 5 U.S.C. § 552(b)(7).

The Forest Service set forth the statutory language of Exemption 7(E) virtually verbatim in its *Vaughn* Index and provided no further details to support its reliance on this Exemption in its summary judgment briefing. *See* Order, p. 19-20. I concluded that these circumstances hindered my de novo review of the Forest Service's reliance on Exemption 7(E) but this deficiency proved to be immaterial once I ultimately concluded that Exemption 7 was inapplicable in any event. Based on my conclusion that Exemption 7 may now be applicable to the Forest Service 's withholding of information otherwise responsive to Plaintiff's FOIA request, I must revisit the Forest Service's reliance on subsection (E) of Exemption 7.

To address my concerns about its vague explanation of the applicability of Exemption 7(E), the Forest Service now provides a sworn statement that the small amount of information withheld pursuant to this Exemption "relates to staffing and scheduling of law enforcement officers on the Jicarilla Ranger District." *See* Doc # 40-1, ¶ 9. Plaintiff, without citation to any authority on point, argues that agency staffing and scheduling are not law enforcement techniques within the purview of Exemption 7(E). I reject Plaintiff's argument in the generic sense but will conduct an in camera review of the information redacted by the Forest Service pursuant to Exemption 7(E) to ensure that these redactions were proper.

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that

1. Defendant's Motion for Reconsideration [Doc # 40] is GRANTED;

2. The conclusion in the Order dated May 23, 21017 [Doc # 39] that Plaintiff is entitled to summary judgment that FOIA Exemption 7(C) & (E) is inapplicable under the facts and circumstances of this case is REVERSED;

3. Summary judgment regarding the applicability fo FOIA Exemptions 6 & 7(C) shall be HELD IN ABEYANCE pending the Forest Service's review of the information it redacted pursuant to these Exemptions consistent with this Order and the Court's Order dated May 23, 2017 [Doc # 39];

4. Summary judgment regarding the applicability of FOIA Exemption 7(E) shall be held in abeyance pending the Court's in camera review of the information redacted pursuant to this Exemption; and

5. The Forest Service shall advise Plaintiff and the Court of the results of its review of its redactions pursuant to Exemptions 6 & 7(C) and shall submit the information it redacted pursuant to Exemption 7(E) to the Court for in camera review within thirty (30) days of the date of this Order.

Dated: August __29__, 2017 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, JUDGE